# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LARRY E. EALY, | : | |
| Plaintiff, | : | Case No. 3:09cv00100 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| WALTER H. RICE, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

## I.   INTRODUCTION

Plaintiff Larry E. Ealy, a resident of Dayton, Ohio, brings this case pro se captioning his Complaint, "R.I.C.O. PURSUANT TO FEDERAL 18 USC [sic]."[2] (Doc. #2 at 6). Plaintiff claims that the named defendants not only violated RICO, they also violated his rights and his son's rights under the United States Constitution and further violated many Ohio criminal statutes.

Plaintiff names as defendants fifty-two individuals including federal and state judges, police officers, a county deputy sheriff, prosecutors, physicians, attorneys, and others. (Doc. #2 at 1-6).

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* (IFP) under 28 U.S.C. §1915. This case is presently before the Court for a *sua sponte*

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

[2] Doubtlessly referring to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961, et seq.

review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief. If the Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2)(B).

**II.    THE COMPLAINT**

The caption of Plaintiff's Complaint refers to multiple Plaintiffs, "Larry E. Ealy, et al.," but only names Larry E. Ealy as the Plaintiff. (Doc. #2 at 1). The body of the Complaint sometimes refers to "Plaintiffs," plural, and sometimes to "Plaintiff," singular. Because Fed. R. Civ. P. 11(a) requires a pro se party to sign their pleadings, motions, and other papers, and because only Larry E. Ealy signed the Complaint, "Plaintiff" in this Report refers to Larry E. Ealy, with the understanding that Plaintiff seeks relief on behalf of both himself and his son.

Plaintiff alleges, "We have a state of emergency in Dayton, Ohio." (Doc. #2 at 6). He explains that the City of Dayton and "the named Defendants" have taken his son, Larry L. Ealy, "hostage without due process at the Good Samaritan psychiatric ward...." *Id*. Plaintiff asserts that this is the second "abduction committed by said Defendants against the Plaintiffs." *Id*. Plaintiff further alleges that two physician defendants "conspired to kill Plaintiff Larry E. Ealy, but took [his son] Larry L. Ealy instead and now [t]he Hospital and its staff have ... conspired to justify the botched abduction 2 years ago by continuing to force a cocktail of drugs in to [sic] Larry L. Ealy to date." *Id*. at 7.

Plaintiff claims that the named defendants have violated his son's rights under the United State Constitution, have committed acts constituting, in part, kidnapping, abduction, tampering with evidence, obstruction of justice, money laundering, illegal search and seizure, slavery, tyranny, falsification of evidence, and conspiracy. *See id*. at 7. Plaintiff further claims that the named defendants have violated various Ohio criminal statutes including, for instance, "Attempt, R.C. 2923.02, Complicity 2923.03 Aiding &

Abetting, Intimidation 2921.03(a)(b), Corrupt Activity re 2923.31-2931.01, Ethnic Intimidation and Racial Profiling 2927.12, Falsification 2921.13, Coercion 2905.12((A)(3)(5) ... and Interfering with Civil Rights 2921.45(A)(B) [sic]." (Doc. #2 at 9).

Plaintiff maintains, "The City of Dayton has issued several warrants against the Plaintiff to curtail his due process rights the last warrant for the Plaintiffs [sic] arrest as mentioned was executed on January 15, 2009 when he was instructed to come into the U.S. District Courthouse by regular U.S. Mail to redact his personal information off of an attachment." (Doc. #2 at 11). He states that he had previously filed a case in this Court "to secure the Plaintiffs [sic] rights from the arrest warrant in 08TRD3189. The same Federal Officials executed the arrest by ex-parte communication to the U.S. Marshals [sic] office. The Judges in the Western Division took Part in the Overt Act and failed to prevent the arrest and seizure the arrest is consistent with this activity discussed in R.I.C.O." (Doc. #2 at 11).

Plaintiff has filed numerous prior cases in this Court, at least two of which challenged the proceedings in the same state-court case he mentions in his present Complaint – namely, a state misdemeanor criminal case pending against him in the Dayton, Ohio Municipal Court, No. 08TRD3189.[3] The charges pending against him in that case include, in part, "Failure to Reinstate License" in violation of Ohio Rev. Code §4521(A), a first degree misdemeanor; and "No Drivers License" in violation of Ohio Rev. Code §4512(A)(1), a first degree misdemeanor. *See* http://www.daytonwejis.com (search by criminal case number 08TRD003189). The public record of that case further reveals that Plaintiff failed to appear for trial on December 18, 2008 and a bench warrant was therefore issued for his arrest. The arrest warrant was served on January 16, 2009,

---

[3] In each case, Plaintiff attempted unsuccessfully to remove his state criminal case to this Court. *State of Ohio v. Larry E. Ealy*, 3:09cv00099 (S.D. Ohio, Western Div., Dayton); *State of Ohio v. Larry E. Ealy*, 3:08cv00469 (S.D. Ohio, Western Div., Dayton).

3

and Plaintiff was jailed briefly until his release on bail. *Id*. His jury trial in the misdemeanor criminal case is currently scheduled to begin on April 16, 2009. *Id*.

Returning to the present case, Plaintiff's remaining lengthy allegations concern events that allegedly occurred more than two years ago and have often been the subject of prior cases he has filed in this Court. Plaintiff alleges, for example: "In 1990 the Plaintiff was assaulted by 6 white Dayton Police Officers in the Dayton Municipal Court building, the Plaintiff was cleared of any charges filed against him by and through the State [of] Ohio et al." (Doc. #2 at 12). Plaintiff does not mention in his Complaint that he previously litigated in this Court his federal constitutional claims concerning the 1990 incident. That case resulted in a jury verdict against Plaintiff, followed by a meritless appeal. *See Ealy v. City of Dayton*, 1996 WL 724368 (6th Cir., Dec. 16, 2006).

Many, if not all, of Plaintiff's remaining contentions in the present case are tied to the 1990 incident. He states that he was cleared of all criminal charges relating to the 1990 incident. He then alleges, "Upon receipt of the Plaintiffs [sic] medical records from his injuries and damages having been willfully redacted on March 12, 1994 he has been harassed since the assault while in pursuit of his due process rights that entitles him to his monetary and punitive awarded [sic] in that matter, the City of Dayton planned to continually conspired [sic] to plan out in advance of how they would circumvent the rights of the Plaintiff that whom has deprive [sic] to this day." (Doc. #2 at 12). The Complaint continues in a similar vein, alleging various events related to the 1990 incident. *Id*. at 12-17.

Plaintiff next describes many occurrences and rulings in state-court cases, and related arrests, that he claims show the existence of an ongoing conspiracy. (Doc. #2 at 17-23. He emphasizes that he has been improperly declared a vexatious litigator in the state courts and has been repeatedly and falsely charged with state criminal violations depriving him and his family "of due process and of life, liberty, and property in the initiation of the vexatious act...." *Id*. at 22.

4

The Complaint next alleges the existence of a conspiracy to kidnap his son, who was "held hostage and assaulted by the Good Samaritan Police on January 19, 2007." (Doc. #2 at 23). He explains:

> A conspiracy was in effect to bring harm to the Plaintiff and his family this abduction was a result of filing the complaint against prosecuting attorney Collette Moorman and Judge Daniel G. Gehres on December 13, 2006 concerning case NO. 2003CRB 10516, for charging the Plaintiff with assault on his wife's unborn child were [sic] his wife's tubes had been tied since 1996.

(Doc. #2 at 24). Plaintiff alleges that on March 25, 2007, Officer Hieber and six other City of Dayton Police Officers attacked him and his family with stun guns. Plaintiff further alleges that one police officer had been stalking him and that before he was assaulted "a Good Samaritan Police officer was caught in front of the Plaintiffs [sic] home on January 24, 2007 where he had been told to follow the Plaintiff and a friend from the Hospital where Dr. Hendrix and several other coconspirators held the Plaintiffs [sic] son hostage." *Id*. Plaintiff further alleges that Officer Hieber arrest him on March 3, 2007 and issued him a ticket. But, according to Plaintiff, Officer Hieber "never turned the ticket in because there was never a moving violation. Hieber knew of the Plaintiffs [sic] driving record before he approached him on foot." *Id*. Plaintiff then states, "As mentioned earlier Hieber and several other State actors and not necessarily acting under the color of State law have been stalking and tracking the Ealys [sic] movements for quite some time leading to this chain of events." *Id*.

The Complaint seeks the following relief:

> The Plaintiff request[s] a change of venue on all existing cases, and her[e]by request[s] that criminal charges are brought and his son is released at once to Plaintiffs custody. The Plaintiff request[s] that all State and Federal records are seized at once and frozen and preserved for Federal Civil, Rights violations.
>
> The Plaintiff hereby request[s] Federal Court appointed Counsel to pursue criminal charges concerning this cause.

5

(Doc. #2 at 25).

### III. STANDARDS OF REVIEW

By enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if the Complaint is frivolous or malicious. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(i).

Reviewing a Complaint under §1915(e)(2)(B), the Court resolves whether it raises a claim with a rational or arguable basis in fact or law. *See Neitzke,* 490 U.S. at 328-29. If it does not, it is frivolous or malicious and subject to dismissal. *See id.*; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *See Denton,* 504 U.S. at 32; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of Complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §1915(2)(B)(ii). A *pro se* Complaint fails to state a claim upon which relief can be granted if – accepting the factual allegations as true and liberally construing them in the plaintiff's favor – the Complaint provides "more than labels and conclusions...." *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)466 (quoting in part *Bell Atlantic v. Twombly*, 550 F.3d 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)); *see Evans-Marshall v. Bd. of Education of Tipp City*, 428 F.3d 223, 228 (6th Cir. 2005). "'[A]nd a formulaic recitation of the elements of a cause of

action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level.'" *Gunasekera*, 551 F.3d at 466 (quoting *Twombly*, 550 F.3d 544, 127 S.Ct. at 1964-65); *see Evans-Marshall*, 428 F.3d at 228.

A Complaint containing facts creating only "a *suspicion* of a legally cognizable right of action is insufficient." *Bishop v. Lucent Technologies, Inc*., 520 F.3d 516, 519 (6th Cir. 2008). Yet the Complaint is not measured by a standard requiring "heightened fact pleading of specifics...." *Bassett v. National Collegiate Athletic Ass'n*., 528 F.3d 426, 430 (6th Cir. 2008)(quoting in part *Twombly*, 127 S.Ct. at 1965). It needs "only enough facts to state a claim to relief that is plausible on its face.'" *Id*.

IV. ANALYSIS

Plaintiff's factual allegations, although not totally delusional, fail to state a claim with an arguable basis in law or one that is plausible on its face. This is so for several reasons.

First, to the extent Plaintiff's allegations assert claims based events that occurred more than two years before he filed his Complaint in this case, his claims are barred by the applicable two-year statute of limitations. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989).

Second, Plaintiff's claims against the state and federal judges are barred by the doctrine of absolute immunity. Absolute immunity is triggered when judges engage in "paradigmatic judicial acts, or acts of actual adjudication, i.e., acts involved in resolving disputes between parties who have invoked the jurisdiction of the court." *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *see Stump v. Sparkman*, 435 U.S. 349, 355-61 (1978); *see also Bolin v. Story*, 225 F.3d 1234, 1239-41 (6th Cir. 2000)(federal district and appellate judges absolutely immune); *DePiero v. City of Macedonia*, 180 F.3d 770, 783-84 (6th Cir. 1999); *Newsome v. Merz*, 17 Fed. Appx. 343, 345 (6th Cir. 2001)( federal magistrate judge absolutely immune). "This far-reaching protection 'is justified by a long-settled understanding that the independent and impartial exercise of judgment

vital to the judiciary might be impaired by exposure to potential damages liability.'" *DePiero*, 180 F.3d at 783-84 (citations omitted). Thus, absolute immunity protects judges unless they engage in non-judicial acts or act in the clear absence of all jurisdiction. *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985).

Plaintiff's many allegations do not indicate that any of the judicial defendants committed a non-judicial act or acted in the clear absence of jurisdiction. Although Plaintiff alleges that in January 2009, the federal judicial defendants instructed the U.S. Marshal to arrest him, Plaintiff acknowledges that at the time there was an active warrant for his arrest pending in his state misdemeanor criminal case. *See* Doc. #2 at 8, 11. The arrest warrant was, and remains, a matter of public record of which this Court may take judicial notice. *See* Fed. R. Evid. 201(a)-(c); *see also* http://www.daytonwejis.com (search by criminal case number 08TRD003189). A judicial officer instructing a law enforcement officer to execute a facially valid arrest warrant constitutes a paradigmatic judicial act. Consequently, absolute immunity shields the federal judicial defendants from Plaintiff's claims.

Similarly, the allegations against the various state judicial officers concern judicial decisions they reached – for example, characterizing him as a vexatious litigator. *See, e.g.*, Doc. #2 at 24. Even if erroneous or somehow unconstitutional, such decisions constitute paradigmatic acts entitling the state judicial officers to absolute immunity. *See Barrett*, 130 F.3d at 254.

Next, to the extent Plaintiff's Complaint seeks a writ habeas corpus under 28 U.S.C. §2254 concerning his son's hospitalization, the Complaint fails to contain sufficient facts showing that Plaintiff exhausted in the Ohio courts his federal constitutional challenges to his son's January 2009 hospitalization. *See* Doc. #2; *see also* 28 U.S.C. §2254(c); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Plaintiff further seeks an Order bringing federal or state criminal charges against the named defendants. Adjudicating Plaintiff's request for such relief is beyond the

limited jurisdiction provided to federal district courts. *See* U.S. Const. Art. III; *see also* 28 U.S.C. §1331-32; *cf.* 28 U.S.C. §547(1) (describing each U.S. Attorney's duty to prosecute federal crimes).

Next, Plaintiff's allegations continue at length about the existence of a conspiracy against him beginning in, or soon after, the 1990 when he was assaulted by six Dayton Police Officers. Yet the events Plaintiff describes, although they involved many state and federal officials and private individuals, he does not allege sufficiently specific facts to support a plausible claim that the named defendants have conspired to violate his federal constitutional rights. The start of his Complaint begins to reveal this by alleging, "We have a State of emergency in Dayton, Ohio." (Doc. #2 at 6). The Complaint then does little to show that such a state of emergency exists in Dayton. Instead, Plaintiff describes his son's psychiatric hospitalization and continues with numerous discrete events without any particular thread of connection to an emergency facing the City of Dayton or to the existence of a conspiracy against Plaintiff. *See* Doc. #2 at 6-25.

Construing the Complaint liberally in Plaintiff's favor, the most that can be reasonably inferred about a conspiracy is that over the past seventeen years, he has often encountered federal and state governmental officials as well as private individuals who have violated his constitutional rights or otherwise harmed him. Without more, however, the Complaint raises only conclusory allegations unsupported by material facts showing a causal connection between these events. In the absence of such facts, Plaintiff's Complaint raises only a speculative, non-plausible claim that the named defendants agreed or conspired to violate his constitutional rights. Indeed, some factual specificity other than the occurrence of the events themselves is needed to raise a plausible, non-speculative conspiracy claim. *See Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007)("'conspiracy claims must be pled with some degree of specificity and ... vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim.'" (citation omitted)). It is,

moreover, a logical fallacy to assume that the occurrence of certain events in sequence – without more – means that the early events caused the later events to occur. In this manner, Plaintiff's conspiracy claim is speculative rather than resting on sufficiently specific factual allegations to show a plausible bridge between the discrete events alleged and the existence of an agreement or conspiracy to violate Plaintiff's rights. *See Gunasekera*, 551 F.3d at 466 ("'Factual allegations must be enough to raise a right to relief above the speculative level.'" (quoting *Twombly*, 550 F.3d 544, 127 S.Ct. at 1964-65)); *see also Center for Bio-Ethical Reform, Inc.*, 477 F.3d at 832 ("'conspiracy claims must be pled with some degree of specificity ....").

Turning next to *res judicata*, Plaintiff has previously raised many of his allegations and claims in prior cases he has filed in this Court. For example, Plaintiff litigated various allegations and claims against named defendant Mike Rankin, Registrar of the Ohio Bureau of Motor Vehicles, in two prior cases: *Larry E. Ealy v. Registrar Mike Rankin, et al.*, 3:08cv0067 (S.D. Ohio, West. Div., Dayton) and *Larry E. Ealy v. Mike Rankin, Registrar*, 2:08cv00260. Both of those cases have been dismissed. Similarly, Plaintiff has often raised his present allegations without success against many of the named defendants in this case – specifically, Dr. Jerome Schulte, Steve Diorio, City of Dayton Mayor Rhine McLin, City of Dayton Chief Trial Counsel John Danish, Judge James Manning, Judge Adele Riley, Sheriff Dave Vore, Public Defender Gary Titus, Visiting Judge James D. Ruppert, Prosecutor Addie Jane King, Judge Daniel G. Gehres, U.S. District Judge Walter H. Rice, U.S. District Judge Thomas M. Rose, U.S. Magistrate Judge Michael R. Merz, Judge Alice O'McCullum, Judge Michael T. Hall, Judge William H. Wolff, Dr. Charles Hendrix, and Judge John Pickrel. Those prior cases were captioned as follows: *Larry E. Ealy v. Dr. Jerome Schulte*, 3:09cv0098; *Larry E. Ealy v. Judge Alice O'McCollum, et al.*, 3:09cv00056; *Larry E. Ealy v. Steve Diorio, et al.*, 3:09cv00052; *Larry E. Ealy v. Judge James Manning, et al.*, 3:09cv00047; *Larry E. Ealy v. Judge James E. Ruppert, et al.*, 3:09cv00010; *Larry Ealy v. Judge Daniel G. Gehres*,

3:06cv00218; *Larry Ealy v. Chief Judge Walter H. Rice*, 3:03cv00196; and *Larry Ellis Ealy v. Judge Thomas M. Rose, et al.*, 303cv00232.

Plaintiff either raised or could have raised most of his present allegations and claims in his above-referenced prior cases. Consequently, to the extent the Complaint seeks to relitigate such allegations or claims, the doctrines of res judicata and collateral estoppel bar his present allegations and claims. *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398-99 (1981); *see also Allen v. McCurry*, 449 U.S. 90, 103-05 (1980); *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 506-07 (6th Cir. 2008).

Lastly, Plaintiff's Complaint does not indicate that the named defendants have caused him to suffer any injury to his business or property. The Complaint therefore fails to plead a plausible civil claim for relief under RICO. *See* 18 U.S.C. §1964(c); *see also Lee v. Michigan Parole Bd.*, 104 Fed. Appx. 490, 493 (6th Cir. 12004).

Accordingly, and for all the above reasons, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Larry E. Ealy's Complaint be dismissed *sua sponte* under 28 U.S.C. §1915(e)(2)(B);

2. Plaintiff's Motion for Removal of Case (Doc. #4) be DENIED as moot;

3. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

4. This case be terminated on the docket of this Court.

April 3, 2009
　　　　　　　　　　　　　　　　　s/ Sharon L. Ovington
　　　　　　　　　　　　　　　　　Sharon L. Ovington
　　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).