# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

LARRY E. EALY,                          :

      Plaintiff,                :          Case No. 3:09cv00100

vs.                                     :          Chief District Judge Susan J. Dlott
                                                   Magistrate Judge Sharon L. Ovington

WALTER H. RICE, et al.,                 :

      Defendants.               :

---

## REPORT AND RECOMMENDATIONS[1]

---

On April 23, 2009, Chief United States District Judge Susan J. Dlott filed an Order in this case (1) rejecting Plaintiff's Objections to, and adopting, the Report and Recommendations filed previously by the undersigned Judicial Officer, (2) dismissing Plaintiff's Complaint *sua sponte* under 28 U.S.C. §1915(e)(2)(B); and (3) denying Plaintiff's Motion for Removal of the Case from state Court. (Doc. # 15). The Clerk of Court entered Judgment against Plaintiff on April 23, 2009. (Doc. #16).

Most significantly for present purposes, Judge Dlott also "certified pursuant to 28 U.S.C. 1915(a)(3) that an appeal of this order adopting the Report and Recommendations will not be taken in good faith, and consequently, leave for plaintiff to appeal *in forma pauperis* is **DENIED**. This case is terminated from the docket of this Court." (Doc. #15 at 2).

The case is presently before the Court on Plaintiff's Motion for Leave to Proceed

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

*In Forma Pauperis* (Doc. #18), Plaintiff's Notice of Appeal (Doc. #19), and the record as a whole.

In all cases where the appellant seeks to proceed *in forma pauperis*, the United States Court of Appeals for the Sixth Circuit requires the district courts within this Circuit to determine whether the appeal is frivolous. *Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997).

28 U.S.C. §1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The test under §1915(a) for determining if an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. *Coppedge v. United States*, 369 U.S. 438 (1962). Thus, an appellant's good-faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal.

In light of Judge Dlott's previous determination and certification that Plaintiff's appeal would not be taken in good faith, and because Plaintiff's present Motion offers no reason to alter Judge Dlott's prior determination and certification, his present Motion to Proceed *In Forma Pauperis* on appeal lacks merit.

Additionally, in another case brought by Plaintiff in this Court, Judge Dlott issued an Order describing in detail Plaintiff's lengthy history of frequently filing frivolous and duplicative cases. (*Ealy v. State of Ohio*, 1:09cv245, Doc. #3 at 3-10). Judge Dlott then concluded:

> Given Mr. Ealy's extremely abusive case filings..., the least severe sanction likely to deter Mr. Ealy from filing future vexatious and frivolous lawsuits is to impose a permanent injunction prohibiting him from proceeding *in forma pauperis*, in any future action filed in this Court and from filing any new Complaint, removal petition, habeas corpus petition, and/or other actions without prior approval of this Court....

(Doc. #3 at 10). In light of Plaintiff's lengthy history of filing frivolous and abusive case – as thoroughly documented in *Ealy v. State of Ohio*, 1:09cv245 (Doc. #3) – and because

Judge Dlott previously certified that any appeal in this case would not be taken in good faith, and because Plaintiff has failed to assert any argument in support of his Motion to Proceed *In Forma Pauperis*, *see* Doc. #18, his Motion lacks merit.

## IT IS THEREFORE RECOMMENDED THAT:

1.    Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. #18) be DENIED; and

2.    The case remains terminated on the Court's docket.


June 3, 2009


                                                    s/ Sharon L. Ovington
                                                Sharon L. Ovington
                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).